**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DIANA OCAMPO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | **No.** |
| | ) | |
| **HEALTHBRIDGE OF ARLINGTON** | ) | |
| **HEIGHTS, LLC** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT AT LAW

**NOW COMES** the Plaintiff, DIANA OCAMPO ("Plaintiff"), by her attorneys, BENJAMIN AND SHAPIRO, LTD., and for her Complaint at Law against the Defendant, HEALTH BRIDGE OF ARLINGTON HEIGHTS, LLC ("Defendant"), she alleges as follows:

## INTRODUCTION

1.      The Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 USC §2000e-2(a)(1). The Plaintiff contends that through its conduct, the Defendant discriminated against her based on her gender, female, such that she was terminated from her position as a certified nursing assistant.

## JURISDICTION & VENUE

2.      This Court has jurisdiction and venue over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 USC §2000e-55(f)(3), which states as follows:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice..

## PARTIES

3.      The Plaintiff, DIANA OCAMPO, is a Mexican-American female who is a citizen of the United States and who is a resident of Streamwood, Illinois. At all times relevant to this complaint she was employed by the Defendant in Arlington Heights, Illinois.

4.     The Defendant HEALTH BRIDGE OF ARLINGTON HEIGHTS, LLC is a company that is in the business of managing medically complex medical care and rehabilitation needs in the Village of Arlington Heights, County of Cook and State of Illinois.

## STATEMENT OF FACTS

5.     On February 19, 2019, the Defendant hired the Plaintiff as a Certified Nurses Assistant ("CNA").

6.     On or about January 12, 2021 the Plaintiff learned that she was pregnant and on January 15, 2021 the Plaintiff's OB/GYN provided to the Plaintiff a work restriction form to give to her employer advising it that her expected delivery date is July 16, 2021 and for her to avoid lifting objects over 25 pounds and any forward bending movements.

7.,     On or about January 17, 2021 the Plaintiff sent to the Defendant an email advising it that she was 3 months and 2 days pregnant and forwarded to the Defendant the work restriction form that said that her doctor wants her to avoid the work as described above.

8.     On February 10, 2021, the Plaintiff requested from the Defendant a copy of the current employee handbook, which the Defendant was unable to present to her, and thereafter the Plaintiff learned that neither short-term disability or FMLA was available to her because she was a part-time employee.

9.     On February 11, 2021 the Plaintiff forwarded an email to the Defendant requesting information about changing her status from part-time to full-time and continuing her eight-hour shifts.

10.     On March 24, 2021 the Plaintiff called her HR representative, Alvin Pangilinan, about accommodations that were warranted because of her pregnancy, and in the end he advised the Plaintiff that there was nothing that he was able to do for her at that moment but that she should get a statement from her doctor and they would get back to her.

11.     On the same date, the Plaintiff spoke with one Maria Mendoza, the Defendant's scheduler, about her current situation, to which Mendoza responded to her in a condescending manner, talking to the Plaintiff as if the Plaintiff was not capable of working.

12.     On March 26, 2021, the Plaintiff attended a scheduled appointment with the OB/GYN at which the Plaintiff expressed to the doctor her concerns about the extensive work that the Defendant was putting her through, so the doctor gave her a further statement that indicated that her tasks should be limited to light duty in order to avoid any complications with the birth of her baby.

13.     A few hours later the Plaintiff emailed the statement to her HR representative, Alvin Pangilinan, to which he responded that they will take a look at it and let her know.

14.     As of March 29, 2021, after emailing the Defendant again, the Defendant had yet to forward a response to the Plaintiff, and the Plaintiff advised Juana, CNA supervisor, that she (the Plaintiff) did not want to be mistakenly put on the schedule.

2

15.     On April 1, 2021 HR representative responded to the Plaintiff without a solution for her. Specifically, Alvin stated in his email that they unfortunately will not be able to provide or accommodate light duty in the nursing department or even in any of the open listed positions in the activities or dietary department.

16.     Alvin further stated to the Plaintiff that the Defendant is choosing to prioritize the hours of the employees working therein before they can seek additional help. This is despite the fact that the Plaintiff has been working for the Defendant for more than two years and most of their staff are newer employees.

17.     Finally the Defendant was going to request scheduler Maria to have the Plaintiff taken off the schedule and will be paying remaining accrued sick and PTO hours.

## COUNT I

### Gender Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000e, et seq

18.     Title VII, 42 U.S.C. § 2000e-2 *et seq* prohibits employment practices that discriminate against persons on the basis of their gender.

19.     The Plaintiff alleges that the Defendant's conduct in terminating the Plaintiff's employment was motivated by its discriminatory attitude toward the Plaintiff's gender.

20.     As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

21.     Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' right to be free from discrimination based on her gender.

22.     Plaintiffs are entitled to their reasonable attorneys' fees and costs of suit.

## COUNT II

### Gender-Based Discrimination in Violation of The Illinois Human Rights Act

23.     Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 26, above.

24.     The Illinois Human Rights Act, 775 ILCS 5/1-102 states as follows:

(A) Freedom from Unlawful Discrimination. To secure for all individuals within Illinois the freedom from discrimination against any individual because of his or her gender, color, religion, sex, national origin, ancestry, age, order of protection status, marital status, physical or mental disability, military status, sexual orientation, pregnancy, or unfavorable discharge from military service in connection with employment, real estate transactions, access to financial credit, and the availability of public accommodations.

3

25.     As set out above, the Illinois Human Rights Act guarantees an individual's freedom from discrimination "against any individual because of his or her gender, color, religion, sex, national origin, ancestry, age, order of protection status, marital status, physical or mental disability, military status, sexual orientation, pregnancy, or unfavorable discharge from military service in connection with employment, real estate transactions, access to financial credit, and the availability of public accommodations.:

26.     Defendants discriminated against Plaintiff by treating them differently from her Caucasian coworkers, including in unequal wages and compensation, because of their gender.

27.     Plaintiff's gender was the determining factor and/or a motivating factor in Defendant's actions.

28.     As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial. As a result of the Defendant's actions, Plaintiff has suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

29.     Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' right to be free from discrimination based on gender.

30.     Plaintiffs are entitled to reasonable attorneys' fees and costs of suit.

## EEOC/IDHR FILINGS

31.     On June 16, 2021, the Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") as charge number 440-2021-03356, and the Illinois Department of Human Rights ("IDHR") was designated as the applicable "State or Local Agency." A copy of said Charge of Discrimination is attached hereto and is labeled **Exhibit A.**

32.     On or about September 23, 2021 the EEOC issued its "Dismissal and Notice of Rights" to the Plaintiff telling her that she was required to file a lawsuit within 90 days of the receipt of the Notice. A copy of said Dismissal and Notice of Rights is attached hereto and is labeled **Exhibit B.**

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays for relief as follows:

1.     For a declaration that the Defendant's actions, policies, and practices as alleged herein are unlawful;

2.     For lost wages and all other compensation denied or lost to Plaintiffs by reason of Defendants' unlawful actions, in an amount to be proven at trial;

3.     For compensatory damages for Plaintiffs' emotional pain and suffering, in an amount in excess of $70,000.00.

4.    For interest on lost wages, compensation, and damages, including pre- and post-judgment interest and an upward adjustment for inflation;

5.    For an order enjoining Defendants from engaging in the unlawful acts complained of herein;

6.    For reasonable attorneys' fees and costs of suit pursuant to 42 U.S.C. § 2000e-5(k),

7.    For such other and further relief as this Court deems just and proper.

**DIANA OCAMPO**

By:    **/s/ Scott Skaletsky**
        **Scott Skaletsky**

**Scott Skaletsky**
**Benjamin and Shapiro, Ltd.**
**180 N. LaSalle Street, Suite 2600**
**Chicago, IL 606001**
**(312) 641-5944**
**(312) 641-3370 fax**
**ARDC #6181405**
**pleading@benshaplaw.com**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2021-03356 |

| ILLINOIS DEPARTMENT OF HUMAN RIGHTS | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| **DIANA OCAMPO** | **(847) 848-8842** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **42 BROOKSTONE DR, STREAMWOOD,IL 60107** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **HEALTH BRIDGE OF ARLINGTON HEIGHTS** | **501+** | **(847) 392-9000** |

| Street Address | City, State and ZIP Code |
|---|---|
| **1200 N ARLINGTON HEIGHTS RD., ARLINGTON HEIGHTS, IL 60004** | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN<br>☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION<br>☐ OTHER *(Specify)* | Earliest: **01-15-2021** Latest: **04-01-2021**<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I began my employment with Respondent on or about February 11, 2019. My most recent position was Certified Nursing Assistant. During my employment, I informed Respondent of my pregnancy and requested a reasonable accommodation which was not provided. Subsequently, I was discharged.

I believe I have been discriminated against because of my sex, female (pregnancy), and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Diana Ocampo on 06-16-2021 06:02 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |



CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC Form 161 (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Diana Ocampo<br>42 Brookstone Dr<br>Streamwood, IL 60107 | From: | Chicago District Office<br>230 S. Dearborn, #1866<br>Chicago, IL 60604 |
|---|---|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2021-03356 | Kimberly M. Engram,<br>Investigator | (312) 872-9707 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Julianne Bowman/np*

**Julianne Bowman,
District Director**

9/23/2021

*(Date Issued)*

Enclosures(s)

cc: **HEALTHBRIDGE OF ARLINGTON HEIGHTS**

**Alvin Pangilinan
Accounting and Human Resources Manager
1200 North Arlington Heights Road
Arlington Heights, IL 60004**

Enclosure with EEOC
Form 161 (11/2020)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* to you (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.**  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Enclosures(s)

cc: